UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>CLARENCE YELLOW HAWK, a/k/a<br>ROBERT PULLIAN, a/k/a<br>CLARENCE YELLOW ELK,<br><br>    Defendant. | CR. 17-50090-01-JLV<br><br>ORDER |

**INTRODUCTION**

  On May 3, 2019, a jury convicted defendant Clarence Yellow Hawk of first degree murder and discharging a firearm during a crime of violence.[1] (Docket 263). Defendant shot and killed Chris Janis on May 27, 2017, near Sharps Corner, South Dakota, on the Pine Ridge Reservation. Defendant's widow, Erin Miller, asked for restitution at sentencing in the amount of $28,991.44 under the Mandatory Victims Restitution Act ("MVRA"). The court ordered further briefing on the matter in response to a defense objection. Defendant asserts Ms. Miller is not a victim of the murder under the MVRA and that, even if she is a victim, certain types of restitution she requests are legally unavailable. (Docket 343). The court finds Ms. Miller is a victim of the offense or, in the alternative, that she is a representative of Mr. Janis' estate. The court also finds that the children of Ms. Miller and Mr. Janis are victims as well. However, the court agrees with

---

  [1]The jury acquitted defendant of possessing a firearm with an obliterated serial number.

defendant that much of the restitution Ms. Miller seeks is not allowable under the MVRA. The court orders restitution in the amount of $5,336.39 to Erin Miller, $1,732.16 to Tarquin Janis and $264 to Jordyn Janis.

I.  **Facts**

Defendant murdered Mr. Janis in a minivan that belonged to the family. (Docket 320 at pp. 2-3). Ms. Miller testified at sentencing that the van was not returned to her after the investigation and that it was worth $1,800. (Docket 334 at pp. 22-23). Ms. Miller spent $930.15 on Mr. Janis's funeral. (Docket 331 at pp. 3, 7-11). She also incurred $1,025.96 in travel expenses to meet with law enforcement and prosecutors during the investigation of the case in 2017.[2] Id. at p. 28.

After the murder, Ms. Miller and Jordyn Janis, the adult daughter of Ms. Miller and Mr. Janis, sought therapy. The travel costs and co-pays for the therapy totaled $308.49.[3] Id. at p. 28. Ms. Miller testified at sentencing to her belief that she was fired from her job in April 2019 due to the stress of defendant's impending trial, at which she testified as a government witness. (Docket 334 at pp. 24-26). She requests $21,350.40 to replace the wages she would have otherwise earned in 2019. (Dockets 331 at p. 28 & 334 at pp. 25-26).

---

[2]Ms. Miller used the United States Marshals Service mileage rate of .58 cents/mile to calculate her travel expenses. (Docket 331 at p. 28).

[3]Ms. Miller testified that she paid all the costs for which she is seeking reimbursement, including those incurred by her children. (Docket 334 at pp. 31, 34). However, the court cannot award Ms. Miller her children's lost wages. Those costs were incurred by the children alone.

Ms. Miller and the children also incurred costs to attend sentencings for defendant and his co-defendants. Tarquin Janis, the adult son of Ms. Miller and Mr. Janis, attended co-defendant Scott Benson's sentencing. His plane ticket cost $248. (Docket 331 at p. 28). Tarquin also attended co-defendant Jamie Shoulders's sentencing. Ms. Miller paid $232 for his plane ticket. Id. Tarquin lost $770.56 in wages to attend Mr. Shoulders's sentencing. Id. Ms. Miller paid $402.52 in mileage for Jordyn to attend Mr. Shoulders's sentencing. Id. Jordyn lost $264 in wages to attend the hearing. Ms. Miller stayed in Martin, South Dakota, with family and traveled to Rapid City to attend both sentencings. She incurred $283.04 in costs for that travel. (Dockets 331 at p. 28 & 334 at pp. 27-28).

Ms. Miller also incurred costs on behalf of her children for defendant's sentencing. She paid for Tarquin's plane ticket ($112), mileage to pick him up and drop him off at the airport ($152.72) and food for Tarquin and Jordyn ($150). (Docket 331 at pp. 29-30). Tarquin lost $961.60 in wages to attend defendant's sentencing. Id. at p. 29. It appears the children traveled with Ms. Miller to Rapid City for the hearing and so their mileage was paid by the government. (Docket 334 at p. 29).

To summarize: Ms. Miller incurred $1,800 for the lost van and paid $930.15 for the funeral. She paid $2,606.24 for travel during the investigation and travel to sentencing hearings. She paid $308.49 in travel and therapy costs for herself and Jordyn. She alleges she lost $21,350.40 in wages due to her

husband's murder.   Tarquin lost $1,732.16 in wages to attend hearings and Jordyn lost $264 in wages.

## II.   Analysis

### A.   Victims

The first question is whether Ms. Miller and the children are victims of defendant's offense.[4]   United States v. Frazier, 651 F.3d 899, 903 (8th Cir. 2011).   "For the purposes of the MVRA, a 'victim' is 'a person directly and proximately harmed as a result of the commission of an offense.' "   Id. (quoting 18 U.S.C. § 3663A(a)(2)).   If a victim is deceased, "another family member, or any other person appointed as suitable by the court[] may assume the victim's rights under" the MVRA.   18 U.S.C. § 3663A(a)(2).

It is hard to imagine who, aside from the deceased himself, could be more "directly and proximately harmed" by a murder than the widow and children of the deceased.   Id.   Ms. Miller, Tarquin and Jordyn each testified at the sentencings in this case to the pain and loss they suffered from Mr. Janis' murder.   Each of the three also incurred financial loss in addition to the emotional suffering they endured.   See supra Section I.

Defendant's primary argument is that the family members were "harmed indirectly, not directly, by" his killing of Mr. Janis.   (Docket 343 at p. 5).   It is true that they were not physically harmed during the murder itself.   But

---

[4]Although the government asks that all restitution be paid to Ms. Miller, her children separately lost wages that they may only recover if they are victims under the MVRA.   18 U.S.C. § 3663A(b)(4).

4

defendant reads the word "proximately" out of the MVRA's definition of victim. 18 U.S.C. § 3663A(a)(2).  The concept of proximate cause "demand[s] . . . some direct relation between the injury asserted and the injurious conduct alleged." Holmes v. Secs. Inv'r. Prot. Corp., 503 U.S. 258, 268 (1992).  Here, defendant murdered Mr. Janis and thereby proximately caused the harms flowing from his death.  "Looking to tort law for guidance," United States v. Wilcox, 487 F.3d 1163, 1177 (8th Cir. 2007), the court holds defendant proximately caused the financial and emotional harm Ms. Miller and the children suffered as a result of Mr. Janis' murder.

The court finds Ms. Miller, Tarquin and Jordyn were victims of defendant's crime within the meaning of the MVRA.  In the alternative, the court appoints Ms. Miller, as Mr. Janis' "family member," to assume his MVRA rights.[5]  18 U.S.C. § 3663A(a)(2).  Although Ms. Miller is a victim of her husband's murder in her own right, she is also a victim through representing Mr. Janis, the only undisputed victim in the case.  (Docket 343 at p. 5).

**B.    Restitution amount**

The court next turns to the restitution amount.  The government bears the burden of proving, by a preponderance of the evidence, the "amount or type of restitution[.]"  18 U.S.C. § 3664(e).

---

[5]No party informed the court whether Ms. Miller is the representative of Mr. Janis' estate and thus entitled to assume his MVRA rights without court intervention.  18 U.S.C. § 3663A(a)(2).

As victims in their own right, Ms. Miller, Tarquin and Jordyn are entitled to "lost income . . . transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance of proceedings related to the offense." Id. at § 3663A(b)(4) (granting these categories of restitution to victims "in any case[.]"). Ms. Miller is entitled to reimbursement of the $2,606.24 she paid in travel costs for the investigation and sentencings. Tarquin is entitled to $1,732.16 in lost wages for the time he spent attending hearings. Jordyn is likewise entitled to $264 in lost wages.

As the representative of Mr. Janis, Ms. Miller is entitled to "the cost of necessary funeral and related services[.]"[6] Id. at § 3663A(b)(3). That amount totals $930.15. She is also entitled to the cost of the van, which she estimated at $1,800. Id. at § 3663A(b)(1)(B).

However, precedent from the United States Court of Appeals for the Eighth Circuit forecloses Ms. Miller's claim to lost wages or therapy costs. Those expenses are reimbursable under § 3663A(b)(2) of the MVRA. In Wilcox, the Eighth Circuit held § 3663A(b)(2) costs may only be ordered in restitution for "the victim who suffered bodily injury." 487 F.3d at 1176. The Eighth Circuit also refused to award § 3663A(b)(2) restitution to a representative of the victim who suffered bodily injury. Id. at 1177-78. The court held a MVRA representative

---

[6]If Mr. Janis has an active estate managed by someone other than Ms. Miller, the government shall notify the court and state whether the funeral restitution should be directed to the estate rather than Ms. Miller. 18 U.S.C. § 3663A(a)(1).

may only obtain restitution for costs incurred by the victim who suffered bodily injury—not costs incurred by the representative on her own behalf.  Id.

Here, Ms. Miller asserts she lost income and required therapy due to the murder.  These categories of cost may be granted only to victims who suffered bodily injury.  18 U.S.C. §§ 3663A(b)(2)(A), (C).  There is no dispute that Ms. Miller did not suffer any bodily injury as a result of defendant's offense.  Because Ms. Miller did not suffer bodily injury and because the costs are hers, not Mr. Janis', the court may not order defendant to pay them in restitution.[7]

## ORDER

For the reasons given above, it is

ORDERED that defendant shall pay restitution in the amount of $5,336.39 to Erin Janis Miller.

IT IS FURTHER ORDERED that defendant shall pay restitution in the amount of $1,732.16 to Tarquin Janis.

IT IS FURTHER ORDERED that defendant shall pay restitution in the amount of $264 to Jordyn Janis.

---

[7]The government suggests the lost income may be awarded under the MVRA's subsection permitting recovery of income lost "during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense."  18 U.S.C. § 3663A(b)(4); Docket 338 at p. 8.  Ms. Miller testified she lost her job because of the stress of defendant's trial.  The lost wages were not "expenses incurred *during* participation" in the prosecution.  Id. (emphasis added).  Ms. Miller is not seeking wages she lost because she was testifying at trial or attending a hearing instead of working.  She seeks income "lost . . . as a result of" the murder, the stress of which she contends caused her to lose her job.  Id. at § 3663A(b)(2)(C).  That category of cost is only recoverable for victims who suffered bodily injury.

IT IS FURTHER ORDERED that this restitution award shall be joint and several with co-defendant Jamie Shoulders but only to the extent provided in this order.  Defendant is not ordered to pay any restitution disallowed by this order that was assessed against Mr. Shoulders.

IT IS FURTHER ORDERED that defendant shall make payments on these restitution amounts in regular quarterly installments of 50 percent of the deposits in his inmate trust account.

IT IS FURTHER ORDERED that defendant's restitution payment shall be applied proportionately to each payee with no payee receiving priority.

IT IS FURTHER ORDERED that interest on the restitution award is waived.

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of this order to the United States Probation Office.  The United States Probation Office shall prepare an amended judgment to reflect this order.

Dated July 27, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE