UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLARENCE YELLOW HAWK,<br><br>Defendant. | CR. 17-50090-01-JLV<br><br>ORDER |

On June 2, 2020, Defendant Clarence Yellow Hawk was sentenced to life imprisonment on count I, first degree murder-aiding and abetting, in violation of 18 U.S.C. §§ 2, 1111 and 1153, and to 120 months custody on count III, discharge of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), with that sentence to run consecutively to the sentence imposed in count I.  (Docket 335).  On March 25, 2022, the United States Court of Appeals for the Eighth Circuit denied defendant's direct appeal. (Docket 359).  The judgment of the Eighth Circuit was entered the same day. (Docket 360).  The mandate of the Eighth Circuit was entered on May 25, 2022.  (Docket 361).

On March 21, 2023, Mr. Yellow Hawk filed a motion for extension of time to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Docket 381).  Mr. Yellow Hawk requests an extension of 90 days to file his petition because the Bureau of Prisons location where he is confined, U.S.P.

Pollock, Louisiana, "has continuously been in lockdown periodically for the last few years" because of the COVID-19 pandemic which has prevented him "from visiting the law library . . . to timely file his . . . § 2255(a) motion . . . ." Id. at p. 1 (capitalization omitted). Mr. Yellow Hawk seeks this additional time so he "may properly study the law and procedure of his case . . . for relief in it's proper standard of law." Id. at p. 2. Mr. Yellow Hawk also filed a motion for appointment of counsel "to better articulate his claim(s) under . . . § 2255(a) . . . ." (Docket 382 at p. 2).

Equitable tolling of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 (1996), is available to a § 2255 petitioner. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). "Equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter." Id. at 1095. "The one-year statute of limitation may be equitably tolled only if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (internal quotation marks omitted; citing Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

"[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) (citing United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000)).

2

"Prior to an actual filing, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory." Id. (citing Leon, 203 F.3d at 164; internal quotation marks omitted).

"It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." Id. at 83 (internal quotation marks and citation omitted; referencing Haines v. Kerner, 404 U.S. 519, 520 (1972) (The allegations in a *pro se* complaint are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers"; brackets and other references omitted). "Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under Haines to treat that motion as a substantive motion for relief under section 2255." Id. "[If[ the motion contains allegations supporting a claim for relief under section 2255 . . . the district court should construe it as such, and then decide whether the motion is timely." Id. "If it does not, the district court has no jurisdiction under Leon to consider the motion." Id. If the motion for an extension of time to file a § 2255 petition does not contain a single reference to any cognizable claim under § 2255, the court does not err by dismissing the motion. Id. at 84.

Mr. Yellow Hawk's motion clearly expresses his intention of filing a motion to vacate, set aside or correct the sentence imposed in this case, but offers no allegation of the claim for relief which he intends to assert under

3

§ 2255 or even a hint of one.  See Dockets 381 & 382.  Therefore, the court does not have jurisdiction to consider Mr. Yellow Hawk's motion for extension.

Accordingly, it is

ORDERED that defendant's motion (Docket 381) is denied without prejudice.

IT IS FURTHER ORDERED that defendant's motion for appointment of counsel (Docket 382) is denied without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall provide a copy of this order, together with a copy of a § 2255 application, to Mr. Yellow Hawk.

Dated March 30, 2023.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

4